**ORANGE CITY MUNICIPAL HOSPITAL, Appellant,**

v.

**BOARD OF REVIEW OF SIOUX COUNTY, Appellee.**

No. 02–0114.

Supreme Court of Iowa.

April 7, 2004.

Ivan T. Webber and Randall H. Stefani of Ahlers & Cooney, P.C., Des Moines, and Bradley K. De Jong, Orange City, for appellant.

Melissa R. O'Rourke, County Attorney, Orange City, and Bruce B. Green, Brett Ryan, and Michael J. Davenport of Willson & Pechacek, P.L.C., Council Bluffs, for appellee.

J. Kirk Norris, Des Moines, for amicus curiae Iowa Hospital Association.

CARTER, Justice.

Plaintiff, Orange City Municipal Hospital and Clinic (the municipal hospital), an administrative department of Orange City, appeals from a district court order upholding the property-tax assessment on assisted-living facilities and independent-living facilities owned and operated by the municipal hospital. The municipal hospital asserts that it is entitled to the exemption provided to the properties of municipal corporations in Iowa Code section 427.1(2) (1999). The local board of review urges, and the district court concluded, that the statutory exemption was not available to the municipal hospital because its assisted-living facilities and independent-living facilities were not devoted to a public use and were being operated for a pecuniary profit.

The court of appeals disagreed with the district court's conclusions and found that the municipal hospital qualified for the section 427.1(2) exemption from property tax on these facilities. After reviewing the record and considering the arguments presented, we affirm the decision of the court of appeals and reverse the judgment of the district court.

The municipal hospital is licensed under Iowa Code chapter 392. In 1988 and 1989 it constructed assisted-living facilities and independent-living facilities pursuant to the statutory authorization contained in Iowa Code section 347.14(11). The record indicates that the cost to construct those facilities was between $4.4 and $5.3 million. Before deciding to proceed with that project, the municipal hospital conducted a feasibility study and determined that there was a market for the types of services and facilities that it would provide. It was determined that the occupancy level would be stable. Projections showed that revenues from these facilities would begin to exceed expenditures with respect thereto following the second year of their operation.

An assisted-living facility is a licensed care facility for persons who need assistance with one or more activities of daily living but do not require a nursing home atmosphere. An independent-living facility is housing that allows the resident to live in a totally independent manner. The municipal hospital did, however, provide certain health-care services to the residents of its independent-living facilities. There are twenty-eight units in the assisted-living facility and twenty units in the independent-living facility. The assisted-living portion has been issued a license by the Iowa Department of Elder Affairs pursuant to Iowa Code chapter 231C. These

facilities only admit applicants with ability to pay and do not subsidize low-income applicants. Residents unable to meet continuing monthly fees are not allowed to remain.

The municipal hospital provides the only facility of this type within the city of Orange City. Only one other comparable facility exists in the immediate area, and it is privately owned. The rates charged by the municipal hospital for its facility are slightly more than those charged by the comparable facility.

The current dispute involves the property-tax assessment for 2000 and 2001. The board of review and the district court upheld the assessments levied in each of those years and rejected the municipal hospital's claim that this property was exempt under the municipal-use exemption contained in Iowa Code section 427.1(2).

## I. Scope of Review.

■ Tax exemption appeals are equitable proceedings and are therefore reviewed de novo. *Care Initiatives v. Bd. of Review*, 500 N.W.2d 14, 16 (Iowa 1993).

## II. Whether This Property of the Municipal Hospital Was Exempt Pursuant to Iowa Code Section 427.1(2).

There is no dispute that the property in question is municipally owned. The issues on appeal concern its public use and

whether these facilities are held for pecuniary profit.[1]

■ A. *Public use.* The court of appeals determined that the municipal hospital's assisted-living facilities and independent-living facilities constituted a public use because facilities of this type are statutorily recognized as ancillary to the functions of a municipal hospital and they provide needed housing and care for the elderly. The court determined that these facilities served a significant need in their community because they were the only assisted-living facilities or independent-living facilities in Orange City. It correctly noted that subsidization of low-income patrons is not a requirement for a municipal corporation's property to be deemed exempt under section 427.1(2). *See Van Buren Hosp. & Clinics v. Bd. of Review*, 650 N.W.2d 580, 590–91 (Iowa 2002).

We agree with the decision of the court of appeals. The fact that the legislature has provided that a municipal hospital may operate facilities of this nature as an ancillary hospital function shows a recognition that in today's society this is one of the public needs that municipal hospitals should attempt to meet.[2] We are satisfied that in providing these facilities the municipal hospital is attempting to satisfy that need.

---

1. The statute on which the municipal hospital relies in seeking an exemption for its property provides:

    The following classes of property shall not be taxed:

    . . . .

    2. *Municipal and military property.* The property of a county, township, city, school corporation, levee district, drainage district, or the Iowa national guard, *when devoted to public use and not held for pecuniary profit*

    . . . .

    Iowa Code § 427.1(2) (emphasis added).

2. The statutory basis for this activity is contained in the following:

    The board of hospital trustees may:

    . . . .

    11. Do all things necessary for the management, control and government of said hospital and exercise all the rights and duties pertaining to hospital trustees generally, including but not limited to authorizing delivery of any health care service, *assisted or independent living service, or other ancillary service* . . . .

    Iowa Code § 347.14(11) (emphasis added).

B. *Whether these facilities are operated for a pecuniary profit.* The impediment to property-tax exemption that results from activities for pecuniary profit was substantially clarified in *Van Buren,* 650 N.W.2d at 587. Discussing the pecuniary-profit language contained in section 427.1(2), we viewed that provision of the statute as a corollary to the public-use provision. We discussed the connection between these two matters as follows:

> [T]he test that has emerged from our cases interpreting the "public use" element of section 427.1(2) is whether the property in dispute is primarily used to carry on "reasonably necessary or essential facilities to the efficient operation and maintenance" of the public use for which the exemption is authorized....
>
> *A similar approach is taken to the "not ... held for pecuniary profit" element of the statutory exemption.* When the primary use of property is public, it is not subject to taxation simply because the municipality incidentally receives revenue from the operation of the property.

*Van Buren,* 650 N.W.2d at 587–88 (quoting *City of Osceola v. Bd. of Review,* 490 N.W.2d 539, 542 (Iowa 1992) (other citations omitted) (emphasis added)).

■ In the present case, it appears that any excess of revenues over expenditures in the operation of these facilities is used first as a reserve for necessary maintenance of the assisted-living facilities and independent-living facilities and any residue is utilized to support the general operations of the municipal hospital. We agree with the court of appeals that the operation of these facilities is not for pecuniary profit in the sense that would work a denial of a section 427.1(2) exemption.

We have considered all issues presented and conclude that the decision of the court of appeals should be affirmed. The judgment of the district court is reversed and the case is remanded to that court with directions to declare the subject property exempt for the tax years 2000 and 2001.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**